IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLIFFORD G. FLEETWOOD, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:19-CV-675-RP |
| COLLEN MCMAHON, et al., | § § § | |
| Defendants. | § § § | |

**<u>ORDER</u>**

Defendant Clifford G. Fleetwood ("Fleetwood") is proceeding *pro se* in this matter. Before the Court are two motions filed by Fleetwood: a "Motion to Amend the Civil and Criminal Complaint Duly Filed by the United States District Court on July 2, 2019," (Dkt. 7) ("Mot. Amend"), and a "Motion for a Grand Jury Investigation Pursuant to a Federal Felony Complaint Duly Filed in the Court," (Dkt. 15) ("Mot. Investigation"). After considering Fleetwood's filings, the record, and the relevant law, the Court dismisses Fleetwood's complaint without prejudice and denies his motions as moot.

**I. BACKGROUND**

Fleetwood initially filed his complaint on July 2, 2019. (Dkt. 1). He did not pay the required $400 filing fee. (Docket Text, Dkt. 1). He later filed a motion requesting a sixty-day stay of his requirement to pay the filing fee, (Dkt. 8), which the Court denied on the grounds that "[n]o procedure for staying the payment of filing fees exists." (Dkt. 11 at 1). In the same Order, the Court advised Fleetwood that "he may file a motion with the Court requesting permission to proceed *in forma pauperis*" ("IFP") and provided him instructions detailing how to locate resources to assist him

with filing that motion.[1] (*Id.* at 1–2). The Court warned Fleetwood that if he "neither timely files a complete motion to proceed *in forma pauperis* nor pays the applicable filing fee, the Court may dismiss his complaint." (*Id.* at 2). To date, Fleetwood has neither filed an IFP motion nor paid the filing fee. In his motions currently before the Court, he asserts that his complaint was "duly filed," (Mot. Amend, Dkt. 7, at 2; Mot. Investigation, Dkt. 15, at 2); that is not the case.

Moreover, Fleetwood has neither requested a summons nor served any of the numerous defendants he named in this action.[2] (*See* Compl, Dkt. 1, at 1). Over ninety days have elapsed since Fleetwood filed his complaint on July 2, 2019. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Fleetwood has not shown good cause for the delay. *See id.* ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The Court's previous notice to Fleetwood of potential dismissal concerned the unpaid filing fee rather than the lack of service. Even so, though, the Court notes that Fleetwood has failed to provide the parties he wishes to sue with appropriate notice of his claims against them: a crucially important step in civil litigation.[3]

---

[1] "'The notice afforded by the Rules of Civil Procedure and the local rules' is 'sufficient' to advise pro se litigants of their burden" and "no 'particularized additional notice' for pro se litigants is required." *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (quoting *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam)).

[2] If Fleetwood had filed an IFP motion, and the Court granted it, then he would not have been responsible for service of process. *See* 28 U.S.C. § 1915; Fed. R. Civ. P. 4(c)(3).

[3] In his motions, Fleetwood identifies himself as a "Senior Attorney" and provides a "Bar #." (Mot. Amend, Dkt. 7, at 3; Mot. Investigation, Dkt. 15, at 3). Generally, courts hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520. Here, as in its previous Order, (Dkt. 11 at 2 n.2), the Court will treat Fleetwood's motions as nonlawyer pro se pleadings.

## II. ANALYSIS

"[A] plaintiff cannot withhold a filing fee or, for that matter, delay obtaining pauper status, indefinitely." *Mealancon v. Associated Catholic Charities of New Orleans, Inc.*, No. CIV.A. 96-2084, 1997 WL 194620, at *2 n.9 (E.D. La. Apr. 22, 1997) (citing *Lowery v. Carrier Corporation*, 953 F. Supp. 151, 155 n.2 (E.D. Tex. 1997)). Generally, "[a] plaintiff's failure to pay a filing fee, or secure pauper status, 'within a reasonable time or in bad faith[,] may constitute an independent ground for dismissing a case.'" *Id.* (quoting *Lowery*, 953 F. Supp. at 155 n.2). The court may take into account a plaintiff's discussion of the existence of a filing fee as "demonstrat[ing] her knowledge that a filing fee is ordinarily required, absent the granting of pauper status." *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 260 (10th Cir. 1994). "[E]xtenuating facts which might warrant a brief additional period in which to pay the filing fee should be reviewed by the district court on a case-by-case basis." *Id.* While "[p]rocedural technicalities are not to bar claims," *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978), "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). *See generally* 28 U.S.C. § 1914 (dictating fees for instituting civil actions).

In *Wrenn*, the Fifth Circuit addressed a similar issue to the one presented here.[4] 575 F.2d at 547. In that case, Wrenn was required to bring a civil action within sixty days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission. *Id.* at 545. He filed a complaint but did not pay the required filing fee—the amount of which "was previously unknown to him"—

---

[4] The Supreme Court partially overruled *Wrenn* in *Baldwin County Welcome Center*, but "the portion . . . relied upon by this [C]ourt and relative to the payment of a filing fee was not affected." *Mealancon*, 1997 WL 194620, at *1 n.7 (citing *Baldwin County Welcome Center*, 466 U.S. at 149–50).

within that period. *Id.* at 545, 547. The Fifth Circuit held that Wrenn's untimely payment did not "vitiate the validity" of his complaint. *Id.* at 547 (citing *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955) (per curiam)). In other words, the *Wrenn* court held that "timely payment of a filing fee" is not a "jurisdictional requisite" for maintaining a civil action. *Id.*

Still, Fleetwood's situation differs from *Wrenn* in meaningful ways. First, Fleetwood was made aware of the amount of the required fee. (*See* Docket Text, Dkt. 1; Order, Dkt. 11 at 1–2). He filed a motion requesting a stay of the filing fees, (Dkt. 8), evincing his understanding that payment of the filing fee is indeed required. *See Jarrett*, 22 F.3d at 260. Second, while Wrenn paid the filing fee nine days after the deadline to do so that the court gave him, Fleetwood has not paid the filing fee or filed an IFP motion for over four months, despite receiving notice of the requirement multiple times, and has filed a motion in the meantime. (*See* Docket Text, Dkt. 1; Order, Dkt. 11 at 1–2; Mot. Investigation, Dkt. 15). Ultimately, unlike Wrenn, Fleetwood can "be said to have acted in a contumacious fashion"; "[h]is conduct of this case is certainly not a model of diligence." *Wrenn*, 572 F.2d at 547. His failure to comply with a court order is sufficiently "severe" and "deliberate" "as to justify the drastic sanction of dismissal." *Id.*; *cf. Lowery*, 953 F. Supp. at 155 n.2 ("There is no evidence in this case, however, that [the plaintiff] acted in bad faith or unreasonably delayed in paying her fee. Indeed, upon the denial of her in forma pauperis application, the court specifically ordered [her] to pay the filing fee, and [she] promptly complied with this order.").

Failure to comply with a court order is one ground for dismissal. *See generally Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b)) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order."). (*See also* Dkt. 11 at 2). In addition, the Court finds that Fleetwood's apparent attempt to indefinitely "withhold a filing fee or . . . delay obtaining pauper status" "constitute[s] an independent ground" for dismissing his case." *Mealancon*, 1997 WL 11194620, at *2 n.9.

4

### III.  CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Fleetwood's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**. His "Motion to Amend the Civil and Criminal Complaint Duly Filed by the United States District Court on July 2, 2019," (Dkt. 7), and "Motion for a Grand Jury Investigation Pursuant to a Federal Felony Complaint Duly Filed in the Court," (Dkt. 15), are **DENIED AS MOOT**. The Court will issue final judgment in a separate order.

**SIGNED** on November 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE